UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADRIAN JACOBS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THOR MOTOR COACH, INC. and FORD MOTOR COMPANY,<br><br>　　　　　　Defendants. | CAUSE NO. 3:19-cv-1167 DRL-MGG |

<u>OPINION & ORDER</u>

This case presents warranty and contract claims from alleged defects in a recreational vehicle. Thor Motor Coach, Inc. filed a motion to dismiss all claims. The company says Adrian Jacobs failed to file a timely claim. On this record of pleading, the court denies Thor's motion under the doctrine of equitable estoppel.

BACKGROUND

The court assumes the truth of the amended complaint's well-pleaded allegations for this motion. On April 13, 2017, Mr. Jacobs purchased a 2017 Thor Outlaw 37RB recreational vehicle from North Trail RV Center, a Thor-authorized dealership. North Trail sold the RV under a retail installment contract, and Thor warranted to repair and replace defects.

The warranty was memorialized in a written contract that Mr. Jacobs alleges he never read, signed, or ratified, but that allegation has already been foreclosed (as it turns out here) by a prior Florida state court decision finding that Mr. Jacobs both relied on the warranty and signed an acknowledgement that he received, read, and agreed to its terms. Point in fact, he has likewise relied on that warranty for his claims here.

The written warranty (ECF 13-2) covered the RV for a period of 12 months after its delivery or after the RV had been driven for 15,000 miles, whichever occurred first. It contained a forum selection clause, requiring that any action be filed in Indiana, and a choice of law clause, stating that Indiana law governs any dispute. It likewise contained a provision saying that any claim for its breach must be commenced within 15 months after the breach occurred.

Mr. Jacobs says the RV didn't conform to Thor's warranty or representations. To remedy the defects, he took the RV to the shop for warranty repairs at least three times. By September 2019, the RV had been there well over 400 days. Mr. Jacobs notified Thor of the defects and of the failed repair attempts by the company's authorized repair facilities. He requested his money back for the purchase. Thor declined.

On June 20, 2019, Mr. Jacobs filed suit in Florida state court alleging claims for state law breaches of warranty and contract and violation of the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 *et seq*. Thor filed a motion to dismiss based on the warranty's forum selection clause. In November 2019, the Florida state court granted the motion without prejudice, allowing him leave to refile in the Northern District of Indiana. When he did, he again alleged breaches of the warranty and contract and violations of the MMWA.

Although agreeing that this suit should be treated as if it had been filed on June 20, 2019 (the date the Florida court action was commenced), Thor views Mr. Jacobs' claims as untimely based on the warranty provision that requires any suit to be brought within 15 months of its breach. Because Thor's opening motion to dismiss the original complaint became moot upon the amended complaint's filing, the court addresses only the second motion to dismiss filed on March 24, 2020.

2

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

A statute of limitations defense is an affirmative defense; a complaint need not anticipate or plead against it. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Dismissal under Rule 12(b)(6) on the basis of a statute of limitations defense "may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006).

Generally, if a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). There is a narrow exception: a Rule 12(b)(6) motion can rest on critical documents, central to the claim and referred to in the complaint. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC*, 300 F.3d at 735.

This allowance applies particularly in cases of contractual interpretation, *Levenstein*, 164 F.3d at 347, and to matters of public record, *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997). Accordingly, the court may rely on the limited warranty (ECF 13-2) and the previous Florida state court judgment and briefing (ECF 13-4; ECF 13-5) without converting this motion to one for summary judgment. Indeed, both parties rely on the state court judgment. The court excludes only Celina Tyler's affidavit and Adrian Jacobs' affidavits.

DISCUSSION

This case presents one overarching issue: whether this action was timely filed under the applicable statute of limitations. Thor, relying on Indiana's statute of limitations, says no. Mr. Jacobs, relying on Florida's statute of limitations, says yes. Indiana and Florida have different statutes of limitations. Indiana allows a party to shorten the period of limitations contractually in the sale of goods from four years to one year; Florida doesn't. *Compare* Ind. Code § 26-1-2-725(1) *with* Fla. Stat. § 95.03. The court thus turns first to choice of law.

 A. *Under the Choice of Law Analysis, Indiana's Statute of Limitations Applies to this Case.*

Under the *Erie* doctrine, federal courts in diversity cases or any case where state law supplies the rule of decision must apply state "substantive" law but federal "procedural" law, *Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 301-02 (7th Cir. 2010); *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938), though that distinction has never been considered one so simple, *see Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996); *Hanna v. Plumer*, 380 U.S. 460, 471 (1965); *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 109-10 (1945).

Thankfully, federal courts have blazed the trail already for statutes of limitations and choice-of-law rules—deeming both "substantive" from a federal perspective, no matter whether a state might characterize its own law differently. *See Jinks v. Richland County*, 538 U.S. 456, 464-65 (2003). Thus, statutes of limitations, and any rules that are an "integral part of the statute of limitations, such as

4

tolling and equitable estoppel," are part of the forum state's substantive law. *Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006); *see also Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980).

Substantive law also includes a state's rules on conflicts of law—which state law applies to a dispute. A federal court "does not necessarily apply the substantive law of the forum state; rather, it applies the choice-of-law rules of the forum state to determine which state's substantive law applies." *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)); *accord Ruckman v. Pinecrest Marina, Inc.*, 367 F. Supp. 25, 26 (N.D. Ind. 1973) (Sharp, J.). The court must consequently apply Indiana's choice-of-law rules to determine which state's law applies here—Indiana or Florida.

States retain the right to adopt the choice-of-law rules they want without denying full faith and credit to any foreign substantive right. *See Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 516 (1953). Indiana has chosen to view its statute of limitations as a procedural constraint on when a suit may be filed, *see Kissel v. Rosenbaum*, 579 N.E.2d 1322, 1326-27 (Ind. Ct. App. 1991), so "the law of the forum state where the suit is filed" governs the statute of limitations under Indiana's choice-of-law rules, *see Smither v. Asset Acceptance, LLC*, 919 N.E.2d 1153, 1157-58 (Ind. Ct. App. 2010). That is to say Indiana law governs the statute of limitations here.

Indiana's choice endures even when the parties contractually agree to apply the substantive law of another state because Indiana characterizes its time bar as procedural, unless the parties include in their contract a stipulation that another state's statute of limitations will govern or otherwise dispense with conflicts of law. *See id.*; *see also Morrison v. Vasquez*, 124 N.E.3d 1217, 1222 (Ind. 2019) (discussing distinction between procedural and substantive law). The warranty here curiously omits the often-standard language "without regard to conflicts of law," so Indiana's choice of law for statute of limitations purposes hasn't been contractually supplanted.

In the face of decades of tradition, *see also Albrecht v. Ind. Harbor Belt R. Co.*, 178 F.2d 577, 578 (7th Cir. 1949) (applying Indiana's statute of limitations), Mr. Jacobs nevertheless argues that the court should effectively recharacterize Indiana's view of its statute of limitations here to permit application of Florida law. What business a federal court has to invade this domain of a state to decide its choice-of-law rules Mr. Jacobs leaves unaddressed, and without any sound authority. *See Wells*, 345 U.S. at 516; *Hollander*, 457 F.3d at 694. Perhaps he might be bothered by the seeming irony that federal law under *Erie* treats the statute of limitations as substantive though the state (Indiana) characterizes its statute of limitations as procedural, but therein lies the beauty of the autonomous authority of the states, based on sound principles of constitutional federalism, within our republic.

In addition, the argument for recharacterizing the statute of limitations here would quickly run aground of its own steam. The parties included a choice-of-law provision that applies Indiana substantive law. As determined by the Florida state court, Mr. Jacobs signed or ratified this agreement, and he cannot relitigate that issue now. *See infra*. Indiana presumes the validity of this choice-of-law provision for matters deemed substantive by Indiana, *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002), and no exceptional circumstances exist to upset its application here, *Barrow v. ATCO Mfg. Co.*, 524 N.E.2d 1313, 1314-15 (Ind. Ct. App. 1988). So, even if Mr. Jacobs were right, Indiana law would apply nonetheless. His plea for the intimate-contacts test thus gets him nowhere.

When a federal statute fails to provide a limitations period, as with the MMWA, the court must borrow a statute of limitation from the most analogous state law. *Berger v. AXA Network, LLC*, 459 F.3d 804, 808 (7th Cir. 2006) (citing *Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989)). Based on this analysis, Indiana's statute of limitations for warranty claims applies here.

      B.    *Mr. Jacobs is Precluded from Relitigating the Issues of Whether He Read or Ratified the Warranty and Signed the Acknowledgement.*

Mr. Jacobs alternatively argues that the warranty provision reducing the period of limitations to 15 months should not govern because he never read or agreed to the warranty. Such a position ignores the doctrines of issue preclusion and ratification.

When a state court renders an earlier judgment, as the Florida state court did here, the Full Faith and Credit Statute, 28 U.S.C. § 1738, "requires [federal] courts to give [the] state court judgment the same preclusive effect it would have in state court." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 560 (7th Cir. 1999)). The court looks to Indiana law to ascertain the preclusive effect of the Florida state court judgment. *See id.*

In Indiana, "issue preclusion bars subsequent litigation of the same fact or issue that was necessarily adjudicated in a former suit." *Miller Brewing Co. v. Ind. Dept. of State Revenue*, 903 N.E.2d 64, 68 (Ind. 2009). The doctrine applies to matters actually litigated and decided, but not all matters that could have been decided. *Kirby v. Second Bible Missionary Church*, 413 N.E.2d 330, 332 (Ind. Ct. App. 1980). The court may decide issue preclusion at this motion to dismiss stage, albeit construing the well-pleaded allegations in the light most favorable to Mr. Jacobs. *See Washington Grp. Intern., Inc. v. Bell, Boyd & Lloyd, LLC*, 383 F.3d 633, 636-37 (7th Cir. 2004); *see also A.H. v. Midwest Bus Sales, Inc.*, 823 F.3d 448, 453 (8th Cir. 2016); *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

Mr. Jacobs muddies the distinction between issue preclusion and claim preclusion, both of which Indiana recognizes. Claim preclusion "applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies." *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013). In contrast, issue preclusion (also known as collateral estoppel) "bars the subsequent litigation of a fact or issue that was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit." *Id.*; *see also Miller Brewing Co.*, 903 N.E.2d at 68. Issue preclusion requires the

prior judgment to have been final. *See Mains*, 852 F.3d at 676 (applying Indiana law); *Angelopoulos*, 2 N.E.3d at 696.

The court employs a two-part analysis to see if issue preclusion applies, asking whether the party in the prior action had a full and fair opportunity to litigate the issue, and whether it is otherwise unfair to apply issue preclusion given the facts of the particular case. *Angelopoulos*, 2 N.E.3d at 696. The court considers the following factors in this analysis: privity, the defendant's incentive to litigate the prior action, and the plaintiff's ability to have joined the prior action, where applicable. *Id.* Not every finding of fact that a court makes in a ruling on a particular dispute is necessary to its ultimate conclusion; and only incontrovertible facts necessary and material to the prior decision enjoy preclusive effect. *See Conn. Indem. Co. v. Bowman*, 652 N.E.2d 880, 883 (Ind. Ct. App. 1995).

The parties agree that this action involves the same parties as the prior action. Mr. Jacobs argues that the issues are different in this case and that precluding him from raising the issues of whether he read or ratified the limited warranty, or signed the acknowledgement, would be unfair here. He says that the only issue before the Florida court that he could be precluded from raising in this litigation is the enforceability of the forum selection clause. That position is wrong.

First, Mr. Jacobs had a full and fair opportunity to litigate the issues of whether he read and ratified the limited warranty or signed the related warranty registration in Florida. Both parties submitted evidence, including affidavits, and argued these points. While the Florida court's decision ultimately decided the enforceability of the forum selection clause, it made other findings that were essential and material to that conclusion, and these findings are the same issues Mr. Jacobs now attempts to relitigate here. In the Florida lawsuit, Mr. Jacobs argued that he didn't agree to the limited warranty's terms and didn't sign the warranty registration, all the while contending that the Florida court ought not enforce the limited warranty against him. The Florida court rejected these arguments and found that he had signed the warranty registration and thus agreed to the warranty's terms and

later ratified the warranty by requesting and receiving vehicle repairs free of charge and suing on the warranty.[1] If Mr. Jacobs disagreed with that decision, he could have appealed it.

Second, it isn't unfair to apply issue preclusion here. Mr. Jacobs has already enjoyed the opportunity to litigate these issues, and in a forum he chose, but the Florida court rejected his arguments. Allowing him to argue these issues again would be unfair to Thor by giving him a "second bite at the apple," *see Citizens Action Coal. of Ind., Inc. v. Duke Energy Ind., Inc.*, 15 N.E.3d 1030, 1042 (Ind. Ct. App. 2014), which Indiana courts don't countenance. Mr. Jacobs had every incentive to litigate the issues, particularly because he brought his original suit in Florida where he lives. The judgment was final. *See Mains*, 852 F.3d at 676. Mr. Jacobs hasn't shown how applying issue preclusion would be unfair here. *See Angelopoulos*, 2 N.E.3d at 698.

Mr. Jacobs cites several cases within this district in which the issue of warranty enforcement remained a triable issue based on the buyer's affidavit that he never read or signed the warranty, but in none of these cases was that issue litigated beforehand and determined as an essential fact by another court to trigger issue preclusion. One case, *Castagna v. Newmar Corp.*, 340 F. Supp.3d 728, 744 (N.D. Ind. 2018) (DeGuilio, J.), involved a signed warranty registration form, but that form failed to confirm that the buyer had received and read the warranty—quite unlike the form here, which undergirded the Florida court's decision that Mr. Jacobs had received and read his Thor warranty.

What is more, this circuit has adopted the principle that a buyer can't have his cake and eat it too when it comes to warranty enforceability. *See Mathews v. REV Recreation Group, Inc.*, 931 F.3d 619, 623 (7th Cir. 2019) (applying Indiana law). In *Mathews*, an RV buyer argued that a warranty was unconscionable under Indiana law partially because he didn't receive a hard copy of the warranty

---

[1] The Florida court said "it is clear and without question to the Court that Plaintiff has read and agreed to the terms and conditions of the Warranty, including the forum selection clause at issue," and that he ratified the warranty by "requesting and receiving vehicle repairs thereunder free of charge . . . as well as by suing to enforce the terms of the Warranty." ECF 13-5 ¶¶ 8-9.

9

before his purchase. This circuit rejected that argument because the buyer was aware of the warranty's terms after the purchase and sought repairs on two occasions pursuant to that warranty. *See id.*

Here, though Mr. Jacobs alleges that Thor (through its dealer) neither provided its written warranty to him for review before he purchased the vehicle nor covered specifically the disclaimer of certain damages, he admits he acquired the vehicle in reliance on the existence of a warranty, the purposes of which were to get defects fixed within a reasonable amount of time and within a reasonable number of attempts and to give him confidence in the product's reliability. He says he complied with his obligations under the warranty to trigger Thor's obligations. He pursued repairs more than once under the warranty—calling them "factory warranty authorized repairs." At one point, quite aware of the time limit placed on warranty coverage, Mr. Jacobs broached that subject with Thor's repair shop, thus operating with full awareness of and pursuant to the warranty. Mr. Jacobs can't benefit from the portions of a contract he likes while also disavowing any portions he doesn't like. *See id.*; *see also Dixon v. Monaco Coach Corp.*, 2009 WL 187837 at 3 (N.D. Ind. Jan. 27, 2009) (Nuechterlein, J.). Thus, in addition to be precluded from relitigating the issues of whether Mr. Jacobs read and ratified the warranty, his pleading places him squarely within the warranty.

   C.  *As Pleaded, Mr. Jacobs' Amended Complaint Survives Under the Theory of Equitable Estoppel.*

That said, Thor's warranty lawfully instituted a 15-month limitations period. *See* Ind. Code § 26-1-2-725(1). A cause of action accrues when the breach occurs, which happens for a warranty "'when tender of delivery is made,' irrespective of whether the buyer knows of the breach." *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 377 (Ind. 2019) (quoting Ind. Code § 26-1-2-725(2)). This default delivery rule applies because this warranty doesn't extend to future performance. The operation of this provision would normally require the dismissal of Mr. Jacobs' suit as untimely, but for the specter of equitable estoppel here.

Under Indiana's doctrine of equitable estoppel, if a seller's actions prevent a buyer from obtaining adequate knowledge to pursue a claim, then "equity will toll the statute of limitations until the equitable grounds cease to operate as a reason for delay." *Id.* at 383 (quoting *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 690 (Ind. Ct. App. 2006)). For the doctrine to apply, the opposing party's conduct must "be of a sufficient affirmative character to prevent inquiry or to elude investigation or to mislead and hinder." *Paramo v. Edwards*, 563 N.E.2d 595, 599 (Ind. 1990).

The contract here limits this doctrine's application: "Unless prohibited by state or provincial law, repairs will not extend the time when you must commence a breach of warranty claim and shall not extend the warranty coverage period." The court gives this provision its plain and ordinary meaning, *see AM Gen. LLC v. Armour*, 46 N.E.3d 436, 440 (Ind. 2015), enhanced by another contractual provision that explains that any repairs following expiration of the warranty are mere "*good will.*" Repair efforts alone won't equitably estop a limitations period under Indiana law, particularly when the parties say so by contract. *See Ludwig v. Ford Motor Co.*, 510 N.E.2d 691, 697 (Ind. Ct. App. 1987) (declining "invitation to adopt the view that repair efforts toll the statute of limitations"); *Shearer v. Thor Motor Coach, Inc.*, 2020 U.S. Dist. LEXIS 115811, 15-19 (N.D. Ind. July 1, 2020) (Simon, J.) ("Standing alone, performing repairs are not enough to toll the statute of limitations, at least under Indiana law."); *McDermott v. Thor Motor Coach, Inc.*, Case No. 3:19-cv-1141, 5-6 (N.D. Ind. June 29, 2020) (Miller, J.) (slip op.) (same).

That isn't all Mr. Jacobs alleges, however. He pleads that Thor and its representatives engaged in more than just attempting repairs to the RV, instead making affirmative representations that could reasonably be inferred as statements that would mislead or hinder him from filing a breach of warranty claim—at least giving him the reasonable inferences that the court must at this pleading stage. His warranty lasted one year from its delivery on April 13, 2017. Mr. Jacobs alleges that, in May 2018, after the warranty would have expired, Thor reported that not all parts to perform the repair had arrived.

In August 2018, when the vehicle underwent its next stage of warranty repairs (though again outside the warranty term), Thor said the repairs would be made. And, in November 2018, the company said all "would be 100% approved."[2]

This situation is analogous to *Kenworth*, 134 N.E.3d at 385, where the Indiana Supreme Court rejected the claim that repairs after the warranty period served merely as a "goodwill warranty," and found instead that repairs *and* promises to continue repairing the RV after the warranty period were enough to warrant a trial. Here, repairs and promises after the warranty period warrant discovery beyond this mere pleading stage. This decision remains consistent with Thor's contract, which only precludes equitable estoppel based on repairs alone, not repairs and promises to perform repairs with 100 percent warranty coverage, particularly promises that occur after the warranty period has expired and arguably work a modification. *See id.*; *see also Paramo v. Edwards*, 563 N.E.2d 595, 598 (Ind. 1990) ("If one party is induced by another, on the faith of an oral promise, to place himself in a worse position than he would have been in had no promise been made, and if the party making the promise derives a benefit as a result of the promise, a constructive fraud exists . . ."). Thus, the court cannot say that equitable estoppel doesn't apply and must deny the motion to dismiss.

## CONCLUSION

Accordingly, the court DENIES AS MOOT Thor's first motion to dismiss (ECF 8) given the amended complaint and DENIES Thor's second motion to dismiss directed to the amended complaint (ECF 12).

SO ORDERED.

July 23, 2020             *s/ Damon R. Leichty*
                          Judge, United States District Court

---

[2] No one has argued the effect of Thor's back-up remedy provision in this analysis.